**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**AMY ELLIOTT,**

                             **Plaintiff,**

    **vs.**                                           **7:13-cv-00055
(MAD/TWD)**

**GOUVERNEUR TRIBUNE PRESS, INC.,
and M. DAN MCCLELLAND**

                             **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**BOND, SCHOENECK & KING**         **GEORGE R. MCGUIRE, ESQ.**
One Lincoln Center
Syracuse, New York 13202
Attorneys for Plaintiff

**CASE, LEADER LAW FIRM**          **HENRY J. LEADER, ESQ.**
P.O. Box 13
107 East Main Street
Gouverneur, New York 13642
Attorneys for Defendants

**LEVINE, SULLIVAN, KOCH & SCHULZ**   **ROBERT PENCHINA**, **ESQ.**
321 West 44th Street, Suite 1000
New York, New York 10036
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On March 6, 2013, Plaintiff filed an amended complaint against Defendants Gouverneur Tribune Press, Inc. and M. Dan McClelland, the Chairman and Chief Executive Officer of Gouverneur Tribune Press, Inc. *See* Dkt. No. 9. Plaintiff alleges that Defendant Gouverneur Tribune copied and distributed at least thirty-eight photographs taken by Plaintiff between

September 2008 and June 2012. *See id.* at ¶ 8. Plaintiff also alleges that Defendant McClelland made the decision to have these works reproduced, and that both Defendants are liable for copyright infringement under the Copyright Act. *See id.* at ¶ 11. Defendants move to dismiss and/or strike portions of the amended complaint filed against them pursuant to Rules 12(b)(6), 12(f), and 8(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 15.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading , the court may consider documents that are "integral" to that pleading, even if they are neigher physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief

2

above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

According to Rule 8 of the Federal Rules of Civil Procedure, a claim for relief must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a). More specifically, "[a] properly plead copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992).

**B.    Application**

Defendant contends that the amended complaint failed to adequately identify "which specific original works are the subject of the copyright claim." *See* Dkt. No. 15-1 at 6–8. In the complaint, Plaintiff alleges that Defendant "copied and distributed at least 38 of Elliott's copyrighted photographic images included amongst the Works without obtaining permission from Elliott." *See* Dkt. No. 9 at ¶ 8. In order to satisfy the first element of a claim, "the plaintiff is not

3

required to assert exactly which elements of the copyrighted works were infringed." *Home & Nature Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004) (indicating that listing the copyright registration numbers, annexing copies of the United States Certificates of Copyright Registration, and stating that the defendant had infringed upon one or more of these copyrights was sufficient). Plaintiff produced Certificates of Copyright Registration for the works that she alleges were copyrighted. *See* Dkt. No. 9 at Ex. A. Additionally, she provided the publication date and subject of the photograph for each of the works. *See id.* at Ex. B. The fact that Plaintiff lists "individual" for the majority of the works is sufficient to identify the works.

Defendant relies on *Plunket v. Doyle*, in which the court found that the complaint failed to meet the first *Kelly* requirement. *See Plunket v. Doyle*, No. 99 Civ. 11006, 2001 WL 175252, *4 (S.D.N.Y. Feb. 22, 2001). In that case, the list of allegedly copyrighted works was not exhaustive, while here, Plaintiff provided an exhaustive list of the thirty-eight photographic images that Defendant allegedly used without permission. This puts Defendant on fair notice of the claims against it. *See Krasselt v. Joseph E. Seagram & Sons. Inc.*, No. 01 CV 2821, 2002 WL 1997926, *2 (S.D.N.Y. Aug. 29, 2002).

Further, Defendant contends that the fourth prong of *Kelly*, indicating "by what acts during what time" the copyright was infringed, was not met. *See* Dkt. No. 15-1 at 8–9. Plaintiff adequately provided Defendant with a list of the works "copied and distributed . . . without permission" and listed the precise date that each of the thirty-eight photographic images at issue were published by Defendant. *See* Dkt. No. 9 at Ex. B. Therefore, Plaintiff has pleaded sufficient facts in the complaint and the motion to dismiss on this ground is denied.

**C.     Individual Liability of Defendant McClelland**

Plaintiff alleges copyright infringement against Defendant McClelland, the Chairman and Chief Executive Officer of Gouverneur Tribune, in his personal capacity. *See* Dkt. No. 9 at ¶ 5. In order to establish individual liability in a copyright infringement claim under a theory of contributory liability, the corporate officer must be "a moving, active, conscious force behind [the defendant corporation's] infringement." *Mattel, Inc. v. Robarb's Inc.*, No. 00 Civ. 4866, 2001 WL 913894, *8 (S.D.N.Y. Aug. 14, 2001) (quoting *Monsanto Co. v. Haskel Trading, Inc.*, 13 F. Supp. 2d 249, 254 (E.D.N.Y. 1998)). To demonstrate vicarious infringement, the officer must "profit from direct infringement while declining to exercise a right to stop or limit it." *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *see also Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997) ("To establish vicarious liability, [the plaintiff] was required to show that [the defendant] had a right and ability to supervise that coalesced with an obvious and direct financial interest in the exploitation of copyrighted materials") (internal quotation marks omitted). A copyright claim that lacks "any description of acts that could lead to the conclusion of direct copyright or trademark infringement, or allegations of authorization or participation that would indicate vicarious liability or contributory infringement" must be dismissed. *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000); *see also Warren v. John Wiley & Sons, Inc.*, No. 12 Civ. 5070, 2013 WL 3328224, *6 (S.D.N.Y. July 2, 2013).

According to the amended complaint, Defendant McClelland "made the decision on behalf of Defendant Gouverneur Tribune to reproduce the Works . . ." and "knew of, directed, ratified, approved, controlled, induced, or otherwise actively participated in the unauthorized acts of copying and distribution by Gouverneur Tribune." *See* Dkt. No. 9 at ¶¶ 11–12. Moreover, Plaintiff contends that, "[o]n several occasions, Defendant McClelland spoke directly to Plaintiff

5

Elliott in regard to Plaintiff Elliott's demands that Defendant Go[u]verneur Tribune not reproduce her copyrights images without permission." *See id.* at ¶ 10. The amended complaint also provides that Defendant McClelland is the Chairman and Chief Executive Officer of Defendant Gouverneur Tribune. *See id.* at ¶ 5.

Contrary to Defendants' assertions, these allegations are sufficient to plead a plausible claim of contributory or vicarious infringement. Plaintiff's assertions plausibly allege that Defendant McClelland, as Chairman and Chief Executive Officer of Defendant Gouverneur Tribune, had the ability to supervise and had a direct financial interest in the exploitation of the copyrighted materials. Moreover, the fact that Plaintiff spoke with Defendant McClelland regarding Plaintiff's demands that Defendant Gouverneur Tribune not reproduce her copyrighted images without permission plausibly suggests that Defendant McClelland was "a moving, active, conscious force behind [the defendant corporation's] infringement." *Mattel, Inc.*, 2001 WL 913894, at *8 (S.D.N.Y. Aug. 14, 2001) (quoting *Monsanto Co. v. Haskel Trading, Inc.*, 13 F. Supp. 2d 249, 254 (E.D.N.Y. 1998)); *see also Arista Records, Inc. v. Flea World, Inc.*, No. 03-cv-2670, 2006 WL 842883, *15 (D.N.J. Mar. 31, 2006); *Wilson v. Brennan*, 666 F. Supp. 2d 1242, 1259-60 (D.N.M. 2009).

Based on the foregoing, the Court denies Defendants' motion to dismiss as to Plaintiff's claims against Defendant McClelland.

## D. Statute of Limitations

The statute of limitations for a copyright infringement claim is three years. *See* 17 U.S.C. § 507 (2013). A copyright cause of action accrues when "a plaintiff knows or has reason to know

of the injury upon which the claim is premised." *DeCarlo v. Archi Comic Pulbications, Inc.*, 11 Fed. Appx. 26, 29 (2d Cir. 2001) (quoting *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996)).

In the present matter, it is unclear from the pleadings when Plaintiff knew of the alleged infringement as to Items 1 and 2 of Exhibit B to the amended complaint. Since Plaintiff does not need to allege facts establishing when she discovered the alleged infringement, it is premature to dismiss these claims on this ground. *See E.E.O.C. v. Elmer W. Davis, Inc.*, No. 07-CV-6434, 2008 WL 4415177, *6 (W.D.N.Y. Sept. 24, 2008) ("[T]he statute of limitations is an affirmative defense that need not be addressed in the complaint"); *see also United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) ("Dismissal under Rule 12(b)(6) was irregular, for the statute of limitations is an affirmative defense. . . . A complaint states a claim on which relief may be granted whether or not some defense is potentially available. This is why complaints need not anticipate and attempt to plead around defenses. . . . Resolving defenses comes after the complaint stage") (citations omitted).

Based on the foregoing, the Court denies Defendants' motion to dismiss on this ground. Defendants' arguments are more appropriately addressed in a motion for summary judgment.

**E.     Statutory Damages and Attorney's Fees**

Defendants moves to strike from Plaintiff's amended complaint the portion seeking relief for statutory damages and attorney's fees pursuant to Federal Rule of Civil Procedure 12(f). Whether or not there is merit in Defendants' motion to strike, "courts in this circuit have denied a defendant's motion to strike or to dismiss claims for attorney's fees even though the likelihood that plaintiff will be able to recover attorney's fees is small, because dismissal of such claims at the pleading stage would be premature." *Noury v. St. Paul Fire & Marine Ins. Co.*, No. 03 Civ.

7

5037, 2004 U.S. Dist. LEXIS 27319, *9 (S.D.N.Y. Mar. 25, 2004). Further, the Second Circuit has held that "[i]n deciding whether to strike a Rule 12(f) motion . . . the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). "Thus the courts should not tamper with the pleadings unless there is a strong reason for doing so." *Id.*

Based on the foregoing, the Court finds that Defendants' motion to strike is premature and is, therefore, denied.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss the amended complaint is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 3, 2013
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge