**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**AMY ELLIOTT,**

                            **Plaintiff,**

    vs.                                            7:13-CV-00055
                                                          (MAD/TWD)

**GOUVERNEUR TRIBUNE PRESS, INC.**
**and M. DAN MCCLELLAND,**

                            **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**BOND, SCHOENECK & KING**            **GEORGE R. MCGUIRE, ESQ.**
One Lincoln Center
Syracuse, New York 13202
Attorneys for Plaintiff

**CASE, LEADER LAW FIRM**             **HENRY J. LEADER, ESQ.**
P.O. Box 13
107 East Main Street
Gouverneur, New York 13642
Attorney for Defendants

**LEVINE, SULLIVAN, KOCH & SCHULZ**    **ROBERT PENCHINA, ESQ.**
321 West 44th Street, Suite 1000
New York, New York 10036
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

    Plaintiff commenced this action on January 15, 2013, and subsequently filed an amended complaint against Defendants Gouverneur Tribune Press, Inc. and M. Dan McClelland, the Chairman and Chief Executive Officer of Gouverneur Tribune Press, Inc. on March 6, 2013. *See*

Dkt. Nos. 1, 9.  In the amended complaint, Plaintiff alleges that Defendants copied and distributed at least thirty-eight photographs taken by Plaintiff between September 2008 and June 2012, and thus both Defendants are liable for copyright infringement under the Copyright Act.  *See* Dkt. No. 9 at ¶¶ 8, 11.  On March 21, 2013, Defendants filed a motion to dismiss pursuant to Rules 12(b)(6), 12(f), and 8(a).  *See* Dkt. No. 15.  By a Memorandum-Decision and Order dated December 3, 2013, this Court denied Defendants' motion to dismiss the amended complaint.  *See* Dkt. No. 21.  On December 17, 2013, Defendants filed their answer to the amended complaint, as well as a motion for summary judgment.  *See* Dkt. Nos. 22, 23.

Currently before the Court is Defendants' motion for summary judgment.  *See* Dkt. No. 23.

## II. BACKGROUND

On December 17, 2013, Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that because Plaintiff does not posses valid copyright registrations for the alleged infringed works, her claims for copyright infringement against Defendants cannot stand.  *See* Dkt. No. 23-1 at ¶ 2.  Furthermore, Defendants argue that even if Plaintiff's "registrations [are] not invalid, they are untimely as a matter of law," thus preventing her from "any award of statutory damages or attorney's fees in this case."  *See id.*

On January 6, 2014, Plaintiff filed a memorandum of law in opposition to Defendants' motion for summary judgment.  *See* Dkt. No. 24.  Plaintiff's first contention is that Defendants' motion for summary judgment should be denied because Plaintiff has not been afforded a substantive discovery period in this case  *See id.* at ¶ 2.  Plaintiff further contends that Defendants'

2

reliance on their own attorney affidavits in support of their motion is a clear violation of N.D.N.Y. Local Rule 7.1(a)(3). *See id.* Accordingly, Plaintiff argues that there are various genuine issues of material fact that bar the granting of Defendants' motion for summary judgment. *See id.* at ¶ 3.

Plaintiff concedes that she is a photographer and that she owns a photography business called Impression Studio, maintaining a website accessible at the address www.impressionstudio.com (the "Impression Website"). *See* Dkt. No. 24-1 at ¶¶ 1–2. Plaintiff first disputes Defendants' contention that all thirty-eight of the photographs ("Case Photos") in question were photographs of high school students. *See id.* at ¶ 3. Plaintiff argues that the paragraphs of the amended complaint that Defendants cite to in their Statement of Facts do not contain any description as to the content of the photographs. *See id.* at ¶ 3. Plaintiff also disputes that the Case Photos were published in high school yearbooks, arguing that Defendants failed to establish that all of the thirty-eight photographs were published in highschool year books and fail to specifically identify the photographs that were actually published. *See id.* at ¶ 5. Plaintiff also discredits all of Defendants' "facts" regarding the public accessibility of the Case Photos prior to the copyright registration date that are supported by the attorney affidavit of Robert Penchina, Esq., on the grounds that N.D.N.Y. Local Rule 7.1(a)(3) precludes Defendants' from using information in support of their motion that appears only in an attorney affidavit for purposes of the Statement of Facts. *See id.* at ¶¶ 7–9, 11. Additionally, Plaintiff disputes Defendants' reference to the Case Photos as a "collection" because it is an undefined term. *See id.* at ¶ 12. Plaintiff asserts that there is still a genuine issue of fact over whether the photos were registered as a "compilation" which is asserted by Defendants, or a group of registrations of individual works as Plaintiff contends. *See id.* at ¶ 12; *see also* Dkt. No. 24 at 10, 11.

## III. DISCUSSION

**A.     Standard of review**

A court may grant a motion for summary judgment only if it determines that there are no genuine issues of material fact to be tried and that the facts as to which there are no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36–37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c)(e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2502, 2513–14, 91 L.Ed.2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

**B.     Rule 56(d)**

The Second Circuit has stated:

> A party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)), showing: "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."

*Lunts v. Rochester City Sch. Dist.*, 515 Fed. Appx. 11, 13 (2d Cir. 2013) (quoting *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995)).  Pursuant to Rule 56(d), if a party opposing a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.  Fed. R. Civ. P. 56(d).

Rule 56(d) "is a safeguard against premature grants of summary judgment and should be applied with a spirit of liberality."  *Holmes v. Lorch*, 329 F. Supp. 2d 516, 529 (S.D.N.Y. 2004) (citation omitted); *see also Delphi—Delco Electronics Systems v. M/V NEDLLOYD EUROPA*, 324 F. Supp. 2d 403, 417–418 (S.D.N.Y. 2004).  This is especially true where a party has not had an opportunity to conduct full discovery.  The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment."  *Delphi-Delco Electronics Systems*, 324 F. Supp. 2d at 421 (citation omitted).  The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment.  *See id.* (citation omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Since Rule 56(d) "is an important safeguard against improvident or premature motions for summary judgment, courts generally avoid overly technical rulings under this subdivision and apply it with a spirit of liberality."  *Id.* at 417-18 (citations omitted).  "Thus, while failure to file an affidavit meeting the foregoing requirements is sufficient grounds to reject a claim that the opportunity for

5

discovery was inadequate, it is not automatically fatal to such a request." *Id.* (citing *Paddington Partners*, 34 F.3d at 1137–39; 10B Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 2740, at 403 (3d ed.1998)).

In the present matter, Defendants are correct that Plaintiff failed to file an affidavit in support of its assertion that Defendants' motion is premature. Nevertheless, the Court finds that Defendants are not entitled to summary judgment at this time.

While Defendants' motion to dismiss was pending, discovery was stayed. Then, fourteen days after the Court issued its Memorandum-Decision and Order denying Defendants' motion, it filed the present motion for summary judgment. As such, Plaintiff has had absolutely no opportunity for substantive discovery. *See Cable Science Corp. v. Rochdale Village, Inc.*, 920 F.2d 147, 152 (2d Cir. 1990) (noting that "summary judgment is generally disfavored when the party opposing the motion has not obtained discovery").

Additionally, as part of their motion for summary judgment, Defendants contend that the photographs at issue were all published prior to their registration, rendering the registrations invalid. *See* Dkt. No. 23-1 at 3-7. In support of this argument, Defendants contend that, "upon information and belief, all of the photos at issue in this case were accessible to the Impression Website prior to the effective dates of the July 12 Registrations." *Id.* at 7. The fact that Defendants are basing their argument "upon information and belief," while citing to their attorney's declaration, further demonstrates that summary judgment is inappropriate at this time. *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 56 n.8 (2d Cir. 2003) (holding that a claim made upon information and belief "is too tentative to qualify as evidence warranting summary judgment") (citations omitted); *see also Dellacava v. Painters Pension Fund of Westchester and Putnam Counties*, 851 F.2d 22, 26 (2d Cir. 1988) (finding that an assertion made "'upon

6

information and belief' . . . could not have been considered in the summary judgment motion") (citing *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 831, 70 S. Ct. 894, 94 L. Ed. 1312 (1950), *overruled in part on other grounds by Lear, Inc. v. Adkins*, 395 U.S. 653, 671, 89 S. Ct. 1902, 23 L. Ed. 2d 610 (1969)).

Moreover, citing to *Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 402 (S.D.N.Y. 2002), Defendants argue that Plaintiff published her photographs when she posted them on the internet. The *Getaped.com* decision, however, has been widely criticized, and it is not clear that the decision should control on the facts of the present case. *See, e.g., Rogers v. Better Business Bureau v. Metropolitan Houston, Inc.*, 887 F. Supp. 2d 722, 730-31 (S.D. Tex. 2012) (noting that the "*Getaped.Com, Inc.* case has received a lot of attention, not all of which has been favorable. For example, one group of scholars stated, 'The holding in *Getaped* is difficult to reconcile with the principle that a public display of a work is not a publication and may be an example of bad facts making bad law.' Bruce P. Keller, et al., Copyright Law A Practitioner's Guide, § 6:1.2 n.94 (2010). They emphasized that publication under the Copyright Act occurs, not when a work is publically viewable, but when the work is 'reproduced in multiple copies that in turn are sold or offered for sale to the public'") (citation omitted). A 2006 opinion out of the same court stated that, assuming that the internet posting of a digital file of a show performance constituted distribution, it lacked the element of commercial exploitation required for publication. *See Einhorn v. Mergatroyd Prods.*, 426 F. Supp. 2d 189, 197 (S.D.N.Y. 2006). In a more recent opinion, the same district court stated that posting images on a website was not publication. *See McLaren v. Chico's FAS, Inc.*, No. 10 Civ. 2481(JSR), 2010 WL 4615772, *1 (S.D.N.Y. Nov. 9, 2010). In 2009, another district court avoided the issue, finding it to be "unsettled" and unnecessary to that court's ruling. *See Moberg v. 33T LLC*, 666 F. Supp. 2d 415, 422 (D. Del.

2009). Finally, in *Rogers*, the court noted that, "[a]lthough the current trend appears to favor finding works posted on the internet to be published, the reasons for finding publication varies from case to case and is fact dependent." *Rogers*, 887 F. Supp. 2d at 731 (citations omitted). The fact intensive nature of this inquiry further demonstrates the inappropriateness of summary judgment at this time.

Based on the foregoing, the Court denies Defendants' motion for summary judgment without prejudice to renew after the parties have had a chance to engage in discovery.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 29, 2014
Albany, New York

Mae A. D'Agostino
U.S. District Judge